**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MANUEL G. ARROYO,<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK,<br>NATIONAL ASSOCIATION and<br>EQUIFAX INFORMATION SERVICES<br>LLC,<br><br>    Defendant. | Case No. 1:19-cv-07391 |

## COMPLAINT

NOW COMES Plaintiff, MANUEL G. ARROYO, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendants, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and EQUIFAX INFORMATION SERVICES LLC, as follows:

## NATURE OF THE ACTION

1.    This action seeks damages for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    MANUEL G. ARROYO ("Plaintiff") is a natural person, who at all times relevant resided in Chicago, Illinois.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("JPMorgan") is a mortgage lending servicer with its principal place of business in Columbus, Ohio.

8. JPMorgan is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

10. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

12. On January 17, 2008, Plaintiff executed a mortgage (the "Mortgage") in favor of JPMorgan.

13. The Mortgage secured the purchase of 5005 South Keeler Avenue West 36th Street, Chicago, Illinois 60632-4516.

14. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $161,749.00.

15. On August 21, 2010, Plaintiff completed a refinance. As result, on September 2, 2010, JPMorgan released the Mortgage.

16. Plaintiff obtained a 3-Bureau Credit Report.

17. Plaintiff discovered JPMorgan wrongly reported Plaintiff's "Scheduled Payment Amount" of "*$1,301.00*" in spite of an "Account Designator" of "*Paid and Closed.*"

18. On February 26, 2019, Plaintiff mailed a credit dispute letter to Equifax by First-Class Mail®.

2

19. Plaintiff's credit dispute letter voiced Plaintiff's concerns and requested Equifax review and correct JPMorgan's inaccurate reporting.

20. Equifax received and promptly notified JPMorgan of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

21. On or around March 14, 2019, Equifax mailed Plaintiff dispute results.

22. Plaintiff's Equifax dispute results stated, in part:

>>> ***We have researched the credit account. Account # - 465162153\* The results are***: This account is currently reporting as closed. The creditor is currently reporting a zero balance for this account. ***Chase MTG, 700 Kansas Lane, MC: La4-6945, Monroe, LA 71203 Phone (800) 848-9136***

Activity Designator: Paid and Closed
Scheduled Payment Amount: $1,301
ADDITIONAL INFORMATION: Closed or Paid Account/Zero Balance

## DAMAGES

23. Undeniably, inaccurate reporting of Plaintiff's Loan continues to portray an untruthful and damaging depiction of Plaintiff in that it produces a materially misleading impression that Plaintiff remains obligated to JPMorgan years after this loan was paid in full.

24. Inaccurate credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

25. Inaccurate credit reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

26. As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's mortgage loan account accurately.

## CLAIMS FOR RELIEF

### Count I:
### JPMorgan's violation(s) of 15 U.S.C. § 1681 *et seq.*

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

### A. JPMorgan's failure to conduct an investigation

29. 15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

    (A)    Conduct an investigation with respect to the disputed information;

    (B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

    (C)    Report the results of the investigation to the consumer reporting agency;

    (D)    If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    Modify that item of information;

        (ii)    Delete that item of information; or

        (iii)    Permanently block the reporting of that item of information.

30. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), JPMorgan received Plaintiff's credit dispute letter from Equifax.

31. JPMorgan violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

32. JPMorgan violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax.

33. Had JPMorgan conducted a reasonable investigation, JPMorgan would have discovered that Plaintiff's scheduled payment obligation to JPMorgan on the Loan ceased in August 2010, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

34. JPMorgan violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax.

35. JPMorgan violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

36. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

37.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

38.     JPMorgan's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find JPMorgan in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.     award any actual damages to Plaintiff as a result of JPMorgan's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

## Count II:
## Equifax violation(s) of 15 U.S.C. § 1681 *et seq.*

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.     Equifax's failure to follow reasonable procedures**

40. Section 1681e(b) requires credit reporting agencies such as Equifax to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

41. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

42. Upon information and belief, on multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

43. Upon information and belief, Equifax furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.     Equifax's failure to conduct a reasonable investigation**

44. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

45. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

46. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to JPMorgan before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute letter.

47. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

48. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

49. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(1) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

50. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

8

51. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by implications of malice and willful conduct, thus warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Equifax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 7, 2019                                 Respectfully submitted,

**MANUEL G. ARROYO**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com